IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEACON SALES ACQUISITION INC., dba BEACON BUILDING PRODUCTS<br>505 Huntmar Park Drive, Ste. 300<br>Herndon, VA 20170<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PENN RO ASSOCIATES, LLC,<br>dba PENNRO ASSOCIATES LLC<br>1090 Pittsburgh Rd.<br>Valencia, PA 16059<br><br>and<br><br>PATRICIA STONE FUNOVITS<br>135 Blackthorn Dr.<br>Butler, PA 16002<br><br>and<br><br>MICHAEL DAVID FUNOVITS<br>130 West Cruikshank Rd.<br>Butler, PA 16002<br><br>and<br><br>KRYSTAL LEE FUNOVITS<br>130 West Cruikshank Rd.<br>Butler, PA 16002<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:　2:22-cv-698<br><br>Judge:<br><br><br><br><br><br>COMPLAINT |

　　　　Beacon Sales Acquisition Inc., dba Beacon Building Products ("Beacon"), by and through

counsel, states the following as its Complaint against Penn Ro Associates, LLC, dba PennRo

Associates LLC ("PennRo"), Patricia Stone Funovits, Michael David Funovits ("Michael Funovits") and Krystal Lee Funovits ("Krystal Funovits") (collectively, "Defendants"):

## PARTIES

1. Beacon is a Delaware corporation with its principal place of business at 505 Huntmar Park Drive, Ste. 300, Herndon, VA 20170. Beacon is a supplier of exterior construction materials on an interstate basis.

2. In 2012, Beacon purchased and became the successor-in-interest to the Cassady-Pierce Company, Inc., a roofing supplier based in Western Pennsylvania.

3. PennRo is a Pennsylvania limited liability company with its principal place of business at 1090 Pittsburgh Rd., Valencia, PA 16059. PennRo is engaged in the business of commercial and residential roof installation, repair, and other construction.

4. Patricia Stone Funovits was or is an owner, operator, member and/or officer of PennRo, is a Pennsylvania resident, and resides at 135 Blackthorn Dr., Butler, PA 16002.

5. Michael Funovits was or is an owner, operator, member and/or officer of PennRo, is a Pennsylvania resident, and resides at 130 W. Cruikshank Rd., Butler, PA 16002

6. Krystal Funovits was or is an owner, operator, member and/or officer of PennRo, is a Pennsylvania resident, and resides at 130 W. Cruikshank Rd., Butler, PA 16002.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332.

8. This Court has personal jurisdiction over PennRo because it maintains business facilities in Pennsylvania, transacts business in Pennsylvania, and has engaged in conduct within Pennsylvania causing the damages described herein.

9. This Court has personal jurisdiction over Patricia Stone Funovits, Michael Funovits and Krystal Funovits because they are residents of Pennsylvania and have engaged in conduct within Pennsylvania causing the damages described herein.

10. Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because Defendants are residents of this District a substantial part of the events or omissions giving rise to the claim occurred in this District.

**STATEMENT OF FACTS**

11. On or about April 4, 2005, PennRo, by and through Patricia Stone Funovits, submitted a Credit Application ("Credit Agreement") to Cassady-Pierce Company, Inc., to establish an account under which PennRo could purchase roofing and other building materials on credit pursuant to the terms and conditions stated therein. A copy of the Credit Agreement is attached as Exhibit 1.

12. Thereafter, PennRo did purchase roofing and other building materials on credit from Cassady-Pierce Company, Inc. and then from Beacon as the purchaser of and successor in interest to Cassady-Pierce Company, Inc.

13. The Credit Agreement states:

> In consideration of Cassady-Pierce Company, Inc., its subsidiaries or affiliates, extending credit, I/we jointly and severally do guarantee unconditionally and at all times to Cassady-Pierce Company, Inc., its subsidiaries or affiliates, the payment of any indebtedness or balance owed by the within names firm to Cassady-Pierce Company, Inc.

14. By signing and submitting the Credit Agreement, Patricia Stone Funovits personally guaranteed payment of any indebtedness or balance owed by PennRo.

15. When Beacon purchased Cassady-Pierce Company, Inc. in 2012, it assumed Cassady-Pierce Company, Inc.' rights and obligations under the Credit Agreement.

16. Beacon supplied roofing and other building materials to PennRo as and when directed and requested by PennRo. From November of 2021 to March of 2022, Beacon supplied PennRo with over $366,000.00 of materials purchased on its credit account.

17. During that same period, PennRo, Michael Funovits and Krystal Funovits remitted sporadic and irregular payments to Beacon, five of which were ultimately dishonored and returned as "Not Sufficient Funds."

18. On or about September 30, 2021, Michael Funovits issued and indorsed a check to Beacon for $43,500.00 drawn on an account held in PennRo's name. A copy of the September 30, 2021, check is attached as Exhibit 2.

19. On or about October 25, 2021, Beacon was notified by its bank that the September 30, 2021, check had been dishonored and returned as "Not Sufficient Funds." A copy of the October 25, 2021, notice is attached as Exhibit 3.

20. At the time he wrote, indorsed, and/or remitted the September 30, 2021, check to Beacon, Michael Funovits knew or should have known that PennRo did not have sufficient funds in its account to cover the check and, as a result, the check would be dishonored.

21. Because Michael Funovits knew the September 30, 2021, check would be dishonored, he falsely misrepresented to Beacon that it was being paid for past due balances to induce Beacon to continue extending credit to PennRo. In reliance on the September 30, 2021, payment and Michael Funovits' misrepresentation, Beacon continued to furnish materials on credit to PennRo.

22. On or about October 31, 2021, Michael Funovits issued and indorsed two checks to Beacon for $40,000.00 and $85,000.00 drawn on an account held in PennRo's name. Copies of the October 31, 2021 checks are attached as Exhibit 4.

23. On or about November 5, 2021, Beacon was notified by its bank that the October 31, 2021 checks had been dishonored and returned as "Not Sufficient Funds." A copy of the November 5, 2021 notice is attached as Exhibit 5.

24. At the time he wrote, indorsed, and/or remitted the October 31, 2021 checks to Beacon, Michael Funovits knew or should have known that PennRo did not have sufficient funds in its account to cover the checks and, as a result, the checks would be dishonored.

25. Because Michael Funovits knew the October 31, 2021, checks would be dishonored, he falsely misrepresented to Beacon that it was being paid for past due balances to induce Beacon to continue extending credit to PennRo. In reliance on the October 31, 2021, payment, and Michael Funovits' misrepresentation, Beacon continued to furnish materials on credit to PennRo.

26. On or about March 1, 2022, Krystal Funovits issued and indorsed a check to Beacon for $60,000.00 drawn on an account held in the names of Michael Funovits and Krystal Funovits. A copy of the March 1, 2022, check is attached as Exhibit 6.

27. On or about March 4, 2022, Beacon was notified by its bank that the March 1, 2022, check had been dishonored and returned as "Not Sufficient Funds." A copy of the March 4, 2022 notice is attached as Exhibit 7.

28. At the time she wrote, indorsed, and/or remitted the March 1, 2022, check to Beacon, Krystal Funovits knew or should have known that she and Michael Funovits did not have sufficient funds in their account to cover the check and, as a result, the check would be dishonored.

29. Because Krystal Funovits knew the March 1, 2022, check would be dishonored, she falsely misrepresented to Beacon that it was being paid for past due balances to induce Beacon

to continue extending credit to PennRo.  In reliance on the March 1, 2022, payment, and Krystal Funovits' misrepresentation, Beacon continued to furnish materials on credit to PennRo.

30. On or about March 20, 2022, Krystal Funovits issued and indorsed a check to Beacon for $150,000.00 drawn on an account held in the names of Michael Funovits and Krystal Funovits.  A copy of the March 20, 2022 check is attached as Exhibit 8.

31. Along with the March 20, 2022, check Krystal Funovits forwarded a letter dated March 22, 2022, ostensibly written by "Erin Brown, Head cashier" for Citizens Bank, which is the bank from which the March 20, 2022, check was drawn.  A copy of the March 22, 2022 letter is attached as Exhibit 9.

32. The letter stated, in relevant part:

> This letter is in reference to account number 6239042248 in the name of Krystal Lee Funovits with a cosigner of Michael David Funovits.
>
> More than the appropriate amount of $150,000.00 is in the checking account and the check will clear.  Due to the security measures of her account put in affect by the state of Pennsylvania due to identity theft the certified check was unable issued until next business day.  In order to not wait an additional day I personally verified the funds and check.

33. Krystal Funovits provided the letter to Beacon via email, which was forwarded from an email account designated as "Erin Brown <Ebrown@citizens.com>"  The forwarded message, dated March 23, 2022, ostensibly written by Erin Brown, stated:

> Krystal,
>
> I am so sorry this took so long. We are very understaffed. This is all I am able to provide at this time due to your state restrictions, and phone or any additional verification will require us to freeze the account. I am not able to provide anything else to them, or email this directly to them but I am hoping this clears up some confusion. I have also been in touch with Identity Lock. It has been removed from all commercial accounts. March 31 it will be removed from this one as well.
>
> I am optimistic this nightmare for you will end soon.
>
> Thanks,
> Erin

A copy of the March 23, 2022 email is attached as Exhibit 10.

34. From other examples it has seen, including in Exhibit 11 discussed below, Beacon believes the domain name for legitimate Citizen's Bank email addresses to be: "@citizensbank.com>" Accordingly, Beacon believes the email address "<Ebrown@citizens.com>" – which is missing the word "bank" – is not an authentic Citizen's Bank email address, but rather one fabricated for the purpose of misleading Beacon into believing payment was forthcoming from the March 20, 2022 check.

35. Further bolstering Beacon's belief is the fact that the March 22, 2022, letter purportedly written by Erin Brown, is rife with spelling, grammatical, punctuation and formatting errors. Further, Beacon can find no record of any Erin Brown being employed by Citizen's Bank. Accordingly, Beacon believes the March 20, 2022 letter – much like the "<Ebrown@citizens.com>" email address – was created for the purpose of misleading Beacon into believing payment was forthcoming from the March 20, 2022 check.

36. On or about March 31, 2022, Beacon was notified by Citizens Bank that the March 20, 2022 check had been dishonored and returned as "Return to Maker." Exhibit 8.

37. At the time she wrote, indorsed, and/or remitted the March 20, 2022, check to Beacon, Krystal Funovits knew or should have known that the check would be dishonored and, as a result, Beacon would not be paid $150,000.00.

38. Because Krystal Funovits knew the March 20, 2022 check would be dishonored, she falsely misrepresented to Beacon that it was being paid for past due balances to induce Beacon to continue extending credit to PennRo. In reliance on the March 20, 2022 payment, and Krystal Funovits' misrepresentations, Beacon delayed legal action to collect payment.

## COUNT ONE
### [Breach of Credit Agreement]

39. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

40. Beacon fully performed all of its contractual obligations to PennRo by supplying materials to PennRo on credit as directed and ordered by PennRo.

41. PennRo failed to make full payment for the materials supplied by Beacon and is therefore in breach of its payment obligation under the Credit Agreement.

42. As a direct and proximate result of PennRo's breach of the Credit Agreement, Beacon has been damaged and is entitled to judgment against PennRo in the amount of $366,518.44, plus attorney's fees, interest, and the costs of this action.

## COUNT TWO
### [Account]

43. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

44. PennRo is liable to Beacon for the materials furnished by Beacon based on the account attached hereto as Exhibit 11.

45. By reason of the foregoing account, Beacon is entitled to judgment against PennRo in the amount of $366,518.44, plus attorney's fees, interest, and the costs of this action

## COUNT THREE
### [Unjust Enrichment]

46. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

47. Beacon provided PennRo with materials at its request and direction, from which PennRo has derived a benefit.

48. Beacon did not provide the materials gratuitously and expected to be paid for the materials.

49. PennRo knew that Beacon expected to be paid for the materials and, with that knowledge, voluntarily accepted them.

50. The acceptance and use of Beacon's materials created an implied contract that PennRo would pay Beacon the reasonable value thereof, which is an amount not less than $366,518.44.

51. PennRo has failed to pay Beacon the reasonable value of the materials furnished and has been unjustly enriched as a result in an amount not less than $366,518.44, plus interest and the costs of this action.

## COUNT FOUR
### [Guaranty]

52. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

53. Patricia Stone Funovits personally guaranteed the full and prompt payment of any indebtedness or balance owed by PennRo to Cassady-Pierce Company, Inc.

54. When Beacon purchased Cassady-Pierce Company, Inc., it assumed all of its rights and obligations under the Credit Agreement, including Patricia Stone Funovits' personal guarantee.

55. By reason of her guaranty, Patricia Stone Funovits is personally liable to Beacon for the amounts due and owing by PennRo to Beacon.

56. Patricia Stone Funovits has failed and refused to honor her guaranty and therefore is in in breach thereof.

57. As a direct and proximate result of Patricia Stone Funovits' breach of her guaranty, Beacon has been damaged and is entitled to judgment against Patricia Stone Funovits in the amount of $366,518.44, plus attorney's fees, interest, and the costs of this action.

## COUNT FIVE
### [Violation(s) of 13 Pa.C.S.A. § 3415]

58. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

59. 13 Pa.C.S.A. §3415 provides in relevant part:

(a) General rule.--Subject to subsections (b), (c) and (d) and to section 3419(d) (relating to instruments signed for accommodation), if an instrument is dishonored, an indorser is obliged to pay the amount due on the instrument:

(1) according to the terms of the instrument at the time it was indorsed; or

(2) if the indorser indorsed an incomplete instrument, according to its terms when completed, to the extent stated in sections 3115 (relating to incomplete instrument) and 3407 (relating to alteration).

60. The March 1, 2022 check in the amount of $60,000.00 issued and indorsed by Krystal Funovits was dishonored and returned as "Not Sufficient Funds." Pursuant to 13 Pa.C.S.A. §3415, Krystal Funovits is obliged to pay the $60,000.00 due thereon to Beacon.

61. The March 20, 2022 check in the amount of $150,000.00 issued and indorsed by Krystal Funovits was dishonored and returned as "Return to Maker." Pursuant to 13 Pa.C.S.A. §3415, Krystal Funovits is obliged to pay the $150,000.00 due thereon to Beacon.

62. As a direct and proximate result of Krystal Funovits' violation(s) of 13 Pa.C.S.A. §3415, Beacon has been damaged and is entitled to judgment against Krystal Funovits in the amount of $210,000.00, plus interest and the costs of this action.

## COUNT SIX
### [Fraudulent Inducement]

63. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

64. Michael Funovits and Krystal Funovits issued and indorsed checks to Beacon at various time and in various amounts as alleged herein. Those checks were dishonored and returned as "Not Sufficient Funds" or "Return to Maker."

65. At the time they wrote, indorsed and remitted the checks to Beacon, Michael Funovits and Krystal Funovits knew or should have known that checks would be dishonored.

66. Because Michael Funovits and Krystal Funovits knew the checks would be dishonored, they falsely misrepresented to Beacon that it was being paid for past due balances to induce Beacon to continue extending credit to PennRo.

67. In justifiable reliance on the anticipation of receiving the payments represented by the checks, and the misrepresentations of Michael Funovits and Krystal Funovits, Beacon continued to furnish materials on credit to PennRo and delayed legal action to collect payment.

68. Michael Funovits and Krystal Funovits conduct that was outrageous, intentional, reckless and malicious, such that it merits an award of punitive damage and attorney's fees.

69. As a direct and proximate result of Michael Funovits' fraudulent misrepresentations, Beacon has been damaged and is entitled to judgment against Michael Funovits in the amount of $168,500.00, plus interest, punitive damages, attorney's fees and the costs of this action.

70. As a direct and proximate result of Krystal Funovits' fraudulent misrepresentations, Beacon has been damaged and is entitled to judgment against Krystal Funovits in the amount of $210,000.00, plus interest, punitive damages, attorney's fees and the costs of this action.

**COUNT SEVEN**
**[Violation(s) of 73 Pa.C.S. §501, *et seq*.]**

71. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

72. The Pennsylvania Contractor and Subcontractor Payment Act ("Payment Act"), 73 Pa.C.S. §501, *et seq.*, requires contractors, like PennRo, to pay subcontractors and suppliers, like Beacon, within fourteen days after receipt of any progress or final payment from the project owner.

73. PennRo has wrongfully and without reasonable justification withheld payment(s) from Beacon that PennRo received from various project owners, in violation of the Payment Act.

74. The failure to pay Beacon was arbitrary and vexatious and constitutes bad faith.

75. PennRo's conduct violates the Payment Act, entitling Beacon to recover the amount paid to PennRo for Beacon's materials, plus interest at the rate of 12% per annum, penalties, and attorney's fees as provided by the Payment Act and the costs of this action.

## COUNT EIGHT
### [Piercing the Corporate Veil]

76. Beacon incorporates by reference all of the foregoing allegations of the Complaint.

77. Michael Funovits and Krystal Funovits were or are the owners, operators, members and/or officers of PennRo. Utilizing their positions within the company, Michael Funovits and Krystal Funovits exerted their control to influence PennRo decisions and actions to advance their personal interests.

78. Evidenced by the repeated bouncing of checks as alleged herein, at all times relevant hereto, PennRo was grossly undercapitalized such that it had no ability to pay its debts when due.

79. By the issuing of checks to Beacon to pay PennRo's debts from their own personal bank account, Michael Funovits and Krystal Funovits engaged in substantial intermingling of corporate and personal assets, funds, and affairs.

80. As alleged herein, Michael Funovits and Krystal Funovits used the corporate form to engage in fraudulent and unlawful activities, specifically: issuing and endorsing checks that were later dishonored in violation of 13 Pa.C.S.A. §3415 and issuing checks to Beacon knowing they would be dishonored, for the purpose of inducing Beacon to continue to furnish materials on credit and to forestall legal action by Beacon to collect payment.

81. As the direct and proximate result of the forgoing, Beacon is entitled to disregard the corporate veil of PennRo and hold Michael Funovits and Krystal Funovits personally liable for any judgment rendered in this action.

WHEREFORE, Beacon prays for judgment against Defendants as follows:

a. On Counts One, Two, and Three for judgment against PennRo in the amount of $366,518.44; and

b. On Count Four, for judgment against Patricia Stone Funovits in the amount of $366,518.44; and

c. On Count Five, for judgment against Michael Funovits in the amount of $168,500.00, and against Krystal Funovits in the amount of $210,000.00; and

d. On Count Six, for judgment against Michael Funovits in the amount of $168,500.00, and against Krystal Funovits in the amount of $210,000.00; and

e. On Count Seven, for judgment against PennRo in the amount paid to PennRo for Beacon's materials; and

f. On Count Eight, for an order disregarding the corporate veil of PennRo and hold Michael Funovits and Krystal Funovits personally liable for any judgment rendered in this action; and

g. Punitive damages; and

h. Pre-and post-judgment interest as allowed by contract and/or the Payment Act; and

i. Attorney's fees as allowed by contract and/or the Payment Act; and

j. Costs; and

k. Any such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Joseph R. Spoonster, Esq.*
Todd A. Harpst (PA ID 79821)
Joseph R. Spoonster (OH0070863)
Nicholas J. Horrigan (OH0087345)
HARPST BECKER LLC
1559 Corporate Woods Parkway, Ste. 250
Uniontown, Ohio 44685
T: (330) 983-9971
F: (330) 983-9981
tharpst@harpstbecker.com
jspoonster@harpstbecker.com
nhorrigan@harpstbecker.com